## CIRCUIT COURT OF WARREN COUNTY

Commonwealth of Virginia

v.

Donald Victor Foster

### July 8, 1982

### Case No. (Law) 6356

By JUDGE HENRY H. WHITING

This is my opinion letter following argument on:
(A) The motion to set aside the verdict by the defendant; and
(B) The post-trial motion to require the production of all statements made by Carroll Anthony Lamb, one of the Commonwealth's witnesses, in support of a previous motion for inspection prior to the trial based upon a right to examine all exculpatory evidence and to attack the verdict because of the failure of the Commonwealth to produce exculpatory evidence prior to the trial:
The motions will be disposed of *seriatim.*

### (A) *Motion to Set Aside the Verdict*

(1) and (2) Sufficiency of the evidence to establish the value of the property stolen.
In this case, the defendant contends that the varying estimates of the value of the property, producing figures below $200.00 to figures over $200.00, makes such evidence insufficient from which the jury could have inferred that the property was worth more than $200.00. Counsel recognize that on this motion the Court must view the evidence in the most favorable light to the Commonwealth. The testimony revealed that both the accused's expert witness and the Commonwealth's expert witness fixed the

wholesale price of the pistol stolen at less than $200.00 but the retail price at more than $200.00, and the owner testified that he believed the pistol was worth considerably over $200.00. Instruction No. 12 defines "fair market value" in traditional terms, and using that definition the Court believes the jury could have found fair market value as somewhere between wholesale and retail or, for that matter, at retail, within the framework of that definition.

(3) Alleged Inflammatory Argument. The defendant contends that the Commonwealth's Attorney's closing argument was so inflammatory as to require a mistrial, which was denied by the Court. The Court did instruct the jury to disregard the argument made by the Commonwealth's Attorney in closing argument suggesting that the jury should consider the fact that the stolen article was a gun and was sold on the street by the defendant without any investigation of the purchaser and, thus, might endanger the community. The Court believes it made it plain to the jury that the fact that the gun was sold on the street was not a logical or proper consideration in fixing a punishment for an alleged theft of an article of personal property. The jury apparently was not influenced by that argument, it only gave the defendant a year in jail against a possible punishment of up to twenty years in the penitentiary.

### (B) *Post-Trial Inspection of Commonwealth Witness Statements*

Finally, the defendant asks to inspect the statement made by his co-conspirator to the police to see whether any such statement was exculpatory and would require a new trial. The Court indicated that it would inspect any such statements *in camera* and if it felt the statements made a *prima facie* showing of possible exculpatory evidence would require it to be disclosed to the defendant, but if it felt it did not it would have the statement sealed to be made a part of the record on appeal but would not permit its disclosure at this time. The Court has done this because it does not believe the Commonwealth should be required to disclose any such statements in the event of a new trial and further because to permit this as a matter of routine will burden not only the Courts but

all litigants with subsequent proceedings ferreting through the Commonwealth's investigatory files for any kind of information, whether exculpatory, relevant or material to the case. The Court has carefully reviewed the written statement of the defendant and been advised of the contents of an oral statement he made the day before the trial and found that neither statement is in any way exculpatory to the defendant and would not meet any of the tests enunciated in *Dozier v. Commonwealth*, 219 Va. 1113 (1979). The Court is convinced that it was in error in granting the *in camera* inspection; it should have required a *prima facie* showing of some evidence of a possible exculpatory statement beyond mere conclusory statements or suggestions by the defendant without any supporting evidence.

Therefore, the Court did deny all of the defendant's motions and has sentenced the defendant. This opinion letter should be made a part of the record in this case, and the Court's summary of the testimony *in camera* of the police officer, as well as the prior written statement of the witness, should be made a part of the record but placed in a sealed envelope to be opened only on the Order of the Supreme Court of Virginia or one of the Justices thereof.